[Cite as *Sweitzer v. Ohio Dept. of Transp.*, 2010-Ohio-6673.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN S. SWEITZER

     Plaintiff

     v.

THE OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2010-07938-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Kevin S. Sweitzer, filed this action against defendant, Department of Transportation (ODOT), contending that his 2007 Mazda 5 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 70 East in Franklin County. Plaintiff noted his car rim was damaged when it struck a pothole in the roadway "around mile marker 93.6-93.8 in the area of the Wilson Rd. Exit." Plaintiff recalled the damage incident occurred on May 2, 2010 at approximately 1:00 p.m. In his complaint, plaintiff requested damages in the amount of $181.77, the total cost of a replacement rim. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's May 2, 2010 described occurrence. Defendant located the particular pothole "between county mileposts 7.6 to 7.8 or state mileposts 93.60 and 93.80 in Franklin County as plaintiff stated." Defendant explained that ODOT records show no reports of a pothole at the location indicated were recorded prior to plaintiff's damage event. Defendant related that ODOT received eleven complaints of potholes on Interstate 70 (during March and April 2010) "but none of them were in the same location as

plaintiff's." Defendant noted that the particular section of roadway, "has an average daily traffic count between 105,660 and 132,380 vehicles," yet no prior complaints were received regarding a pothole between milepost 93.60 and 93.8 on Interstate 70. Defendant suggested that, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted that plaintiff failed to offer any evidence to prove his property damage was attributable to ODOT personnel. Defendant contended that plaintiff failed to prove his property damage was proximately caused by negligent maintenance on the part of ODOT. Defendant explained that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered between mileposts 93.60 and 93.8 on Interstate 70 the last time that section of roadway was inspected before May 2, 1010. The claim file is devoid of any inspection record.

**{¶ 3}** Defendant argued that plaintiff failed to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that six (6) pothole patching operations were conducted in the general vicinity of plaintiff's incident (on eastbound I-70)." The last time pothole patching operations were conducted before May 2, 2010 was March 29, 2010. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

**{¶ 7}** "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.

**{¶ 8}** The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice

or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN S. SWEITZER

     Plaintiff

     v.

THE OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2010-07938-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                             _____
                                           DANIEL R. BORCHERT
                                           Deputy Clerk


Entry cc:

| | |
|---|---|
| Kevin S. Sweitzer | Jolene M. Molitoris, Director |
| 4060 S. Tecumseh Road | Department of Transportation |
| Springfield, Ohio  45502 | 1980 West Broad Street |
| | Columbus, Ohio  43223 |

RDK/laa
11/1
Filed 11/23/10
Sent to S.C. reporter 2/18/11